THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JIMMY GENE MILLER, <br><br> Defendant. | NO. 2:21-cr-00218RAJ <br><br> ORDER ON DEFENDANT'S MOTIONS IN LIMINE |

THIS MATTER comes before the Court upon defendant Jimmy Gene Miller's Motions in Limine.  Dkt. 31.  Having considered the motions, the government's responses, and the files and pleadings herein, the Court **GRANTS in PART** and **DENIES in PART** the defendant's motions.

The defendant seeks to exclude ten categories of evidence at his trial which is currently scheduled for December 5, 2022.  For the most part, the government indicated it does not intend to seek the introduction of many of the challenged categories of evidence.  The Court will separately address each of the defendant's motions.

  **1.  Stipulation to Status as a Convicted Felon**

The defendant is charged in Counts 1 and 3 with the offense of Unlawful Possession of a Firearm and in Count 2 with Unlawful Possession of Ammunition in violation of Title 18 U.S.C. § 922(g)(1).  One of the elements for these charges requires proof that Mr. Miller had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.  Mr. Miller indicated he will stipulate at

trial that, prior to November 19, 2021, he had at least one felony conviction for a crime punishable by imprisonment for a term exceeding one year. Dkt. 31. The government has accepted this stipulation and indicated it will not seek to introduce the specifics of his felony conviction in its case in chief. Dkt. 56. The government did, however, add to the defendant's stipulation that Mr. Miller "knew he was prohibited from possessing firearms and ammunition as a result of that felony conviction." Dkt. 56. The government's modification of the proposed stipulation exceeds the boundaries of what the defendant tendered. Mr. Miller has only relieved the government of proving one specific element. The defendant's proposed stipulation specifically indicates he is limiting the stipulation to "…that specific element." Dkt. 31.

The defendant is charged with offenses that require knowledge of one's status that bars one from possessing a firearm. The defendant cites Ninth Circuit Model Jury Instruction 8.65 from the 2010 edition as the basis for his proposal, which has been replaced by Model Jury Instruction 14.16 in the 2022 edition. This modification is predicated upon *Rehaif v. United States*, 139 S. Ct. 2191 (2019) that concluded "[I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."

It appears to the Court that what has been tendered is an offer to stipulate by the defendant and a counter-offer modification from the government with an additional condition. Under these facts, the Court is uncertain if there is a clear consensus on the terms of the stipulation. The parties are directed to meet and confer and then clarify the specifics of this stipulation. The Court reserves judgment on this issue pending clarification from the parties.

### 2. Testimony and Arguments Regarding Gangs and Gang Affiliation

Mr. Miller seeks to exclude all references to gangs and gang affiliation. The government has confirmed that it does not intend to seek such evidence. It does, however, reserve the right to raise gang affiliation on cross-examination if the defendant opens the door via his own testimony or through the testimony of any witness he may

call. The Court will hold the government to its word and affirmatively require the government to advise the Court outside the presence of the jury if it believes the door has been adequately opened to warrant introduction of such evidence. Otherwise, the defendant's motion is **GRANTED**.

**3.    Testimony and Argument Regarding Drug Trafficking**

Mr. Miller seeks to exclude any testimony about his being investigated for drug trafficking. The government indicated it does not intend to introduce evidence of drug trafficking. The Court will hold the government to its word and such evidence is excluded. The defendant's motion is thereby **GRANTED**.

**4.    Testimony and Argument Regarding Connection Between Firearms and Drug Trafficking**

Mr. Miller seeks to exclude testimony regarding any relationship between firearms and drug trafficking. The government indicated it does not intend to introduce evidence regarding the connection between drug trafficking and firearms. The Court will hold the government to its word. The defendant's motion is thereby **GRANTED**.

**5.    Testimony and Argument About Firearm Deaths, Shootings, or Crimes Committed with Firearms**

Mr. Miller seeks to exclude any testimony regarding the number of firearm deaths, shootings, or other crimes committed with firearms. The government indicated it does not intend to introduce evidence regarding firearm deaths, shootings, or crimes committed with firearms other than the crimes for which Mr. Miller has been charged. The Court will hold the government to its word. The defendant's motion is thereby **GRANTED**.

**6.    Testimony About the Deployment of Drug Detection K9s**

Mr. Miller seeks to exclude testimony on grounds of relevancy the fact that police conducted a drug detection K9 sniff outside of his apartment and vehicles. The government indicated it does not intend to introduce such evidence. The Court will hold the government to its word. The defendant's motion in thereby **GRANTED**.

### 7. Testimony and Argument About Miller's Criminal History

Mr. Miller seeks to exclude several categories of evidence regarding his past history, including convictions more than ten years old, misdemeanors, juvenile convictions, felony convictions that are not crimes of dishonesty, and arrests that did not result in conviction. The motion includes excluding reference to the underlying facts of Mr. Miller's prior convictions.

The government indicated it does not intend to seek introduction of such evidence but seeks to reserve the right to introduce 404(b) evidence regarding the defendant's prior firearms case. Based upon the limited argument in the government's opposition, it appears that if the defendant offers evidence or a defense that another person was responsible for the firearm, the government may move to introduce specific facts of defendant's prior firearms case. The basis for this theory is that such evidence would bear on the defendant's plan and knowledge. Generally, these two categories fit within the confines of 404(b) admissible evidence.

The Court will reserve ruling on the government's tendered reservation and make a ruling if the defendant actually offers evidence under the theory suspected by the government. If the defendant tenders such a defense, the Court will require the government to inquire outside the presence of the jury if the Court will permit the 404(b) evidence the government believes is otherwise admissible.

Notwithstanding, it does not appear the government opposes other aspects of the defendant's motion. Thus, the defendant's motion to exclude felony and misdemeanor convictions more than ten years old other than the Felon in Possession of Firearm convictions (2008 and 2014), misdemeanors of any kind, juvenile convictions, and arrests that did not result in conviction is **GRANTED**.

### 8. Testimony That Miller Was On Supervised Release

Mr. Miller seeks to exclude evidence that he was on federal supervised release at the times charged in the Indictment. The government indicated it does not intend to introduce such evidence unless the defendant opens the door. The Court will hold the government to its word. If the government believes any examination or offer by the

ORDER ON DEFENDANT'S MOTIONS IN LIMINE - 4

defense has opened the door, it shall first seek permission from the Court outside the presence of the jury. Otherwise, the defendant's motion is **GRANTED**.

### 9. Evidence Regarding Information Provided by Confidential Informants

Mr. Miller seeks to exclude members of law enforcement from reciting hearsay statements made by confidential informants or during interviews of witnesses involved in this case. The government indicated it does not intend to introduce evidence regarding any information provided by the confidential informant in this case. The Court will hold the government to its word. The defendant's motion is thereby **GRANTED**.

### 10. Evidence from FBI Laboratory DNA Analysis

Mr. Miller notes that several items seized in this case were tested for fingerprints and DNA residue. It is undisputed by the government that the DNA testing resulted in mixed findings regarding the contributor(s). The defendant seeks to limit the government's offering of this evidence to a statement that the items were the subject of laboratory analysis and nothing of probative value could be determined.

The Court disagrees with the defendant's proposed limitation. The Court finds that the mere fact that the DNA results were not more definitive goes to the weight to be accorded to this evidence and not its admissibility. Moreover, the defense has not articulated any argument that the evidence would confuse the jury or unfairly prejudice the jury's consideration of such evidence. The defense will have the opportunity to fully examine the offered witness on this issue and point out the deficiencies in the DNA evidence at trial. For these reasons, the defendant's motion is **DENIED.**

For all of the foregoing reasons, the defendant's motions are **GRANTED in PART** and **DENIED in PART**.

DATED this 17th day of June, 2022.

*/s/ Richard A. Jones*
HON. RICHARD A. JONES
United States District Judge